9 F.3d 117
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Antonio Inman RANKIN, Petitioner-Appellant,
v.
Raymond ROBERTS; Attorney General of Kansas, Respondents-Appellees.
 No. 92-3154.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 27, 1993.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Antonio Inman Rankin appeals the denial of his writ of habeas corpus filed pursuant to 28 U.S.C. 2254. We grant the right to appeal in forma pauperis. Also pending before us is petitioner's application for a certificate of probable cause. Because petitioner has made a substantial showing of a possible denial of an important federal right, we grant a certificate of probable cause to proceed on appeal, Barefoot v. Estelle, 463 U.S. 800, 893 (1983), and now address the merits.
 
 
 3
 Petitioner was convicted of first degree murder in a Kansas district court; on direct appeal the Kansas Supreme Court affirmed his conviction. State v. Rankin, No. 57,960 (Kan. Sup.Ct.1986) (unpublished). In his federal habeas petition he raised the same issues that he raised in his direct state appeal: (1) error in the admission of his wife's testimony concerning petitioner's statements about the death of the victim, which were overheard by a third party; (2) error in the admission of transcripts of his cousin's statements to police officers; (3) abuse of the trial judge's discretion in cautioning petitioner's wife, in front of the jury, that her admission she lied during preliminary testimony made her subject to possible perjury charges; (4) error in admitting gruesome photographs into evidence; (5) insufficiency of the evidence to support the conviction; and (6) ineffective assistance of counsel.[2]
 
 
 4
 We have reviewed petitioner's brief and the record and are satisfied that the district court accurately summarized the facts and correctly applied the law. We cannot add significantly to the analysis of the district court in its order of March 30, 1991, and therefore AFFIRM for substantially the reasons stated therein.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The Kansas Supreme Court declined to address the ineffective assistance of counsel claim because petitioner did not raise it at the trial court level. Respondent conceded exhaustion of state court remedies; thus the district court considered the ineffective assistance issue on the merits. The court found petitioner's arguments, even if factually accurate, did not meet the standards of incompetence and prejudice set out in Strickland v. Washington, 466 U.S. 668 (1984)